UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,

vs.

Sixty-Nine Thousand Dollars
($69,000.00) in U.S. Currency,

          Defendant *in rem*.
_____/

Civil Case No. 24-CV-12899
Honorable

## **COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff, the United States of America, by and through Dawn Ison, United States Attorney for the Eastern District of Michigan, and Kelly Fasbinder, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

### **JURISDICTION AND VENUE**

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A) and (B), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* consists of Sixty-Nine Thousand Dollars ($69,000.00) in United States Currency ("Defendant Currency").

7. Agents of the Drug Enforcement Administration ("DEA") seized Defendant Currency from Kenard McKenzie ("McKenzie") on or about August 16, 2024, at the Detroit Metropolitan Airport ("DTW") in Romulus, Michigan.

8. The Defendant *in rem* is currently in the custody of the United States Marshals Service.

## STATUTORY BASIS FOR CIVIL FORFEITURE

9. Title 21 United States Code, Section 881(a)(6) authorizes the civil forfeiture of all money furnished or intended to be furnished by any person in

2

exchange for a controlled substance, all proceeds traceable to such an exchange, or intended to be used to facilitate any violation of Title 21 of the United States Code.

## FACTUAL BASIS IN SUPPORT OF CIVIL FORFEITURE

10. The Defendant *in rem* was furnished or intended to be furnished in exchange for a controlled substance, was proceeds traceable to such an exchange, or was intended to be used to facilitate a violation of Title 21 of the United States Code and, therefore, is subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(6).

11. The facts and evidence in support of these assertions include, but are not limited to, the following:

   a. McKenzie's previous contact with law enforcement outlines a pattern of drug activity over many years.

   b. On July 19, 2014, McKenzie was arrested in Jamaica, for possession with intent to distribute cocaine.

   c. On May 19, 2015, McKenzie was arrested and ultimately convicted in California of felony maintaining a place for controlled substance sale or use.

   d. On January 24, 2017, $85,000 of suspected drug proceeds was seized from McKenzie during a traffic stop in California.

    e.    On March 3, 2021, McKenzie pleaded guilty to felony manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance in Pennsylvania.

    f.    On August 16, 2024, DEA agents observed McKenzie walking through DTW before boarding the plane. McKenzie had no bags checked. McKenzie only had a black backpack, and a flight pillow around his neck.

    g.    DEA agents stopped McKenzie on the jetway on the way to boarding the flight, and McKenzie gave agents permission to search his backpack.

    h.    Agents found a brick sized duct taped stack of money in McKenzie's backpack, later determined to be $69,000.00.

    i.    The Defendant *in rem* was seized on August 16, 2024, pursuant to 21 U.S.C. § 881.

## CLAIM

12.    The United States hereby incorporates by reference, repeats and re-alleges, each and every allegation contained in Paragraphs 1 through 11 above, including their subparts.

13.    The Defendant *in rem* is forfeitable to the United States of America under 21 U.S.C. § 881(a)(6) as money furnished or intended to be furnished by any

person in exchange for a controlled substance, proceeds traceable to such an exchange, or money intended to be used to facilitate any violation of Title 21 of the United States Code.

## CONCLUSION AND RELIEF

Plaintiff respectfully requests that this Court issue warrants for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such further relief as this Court may deem just and proper, together with costs and disbursements of this action.

Respectfully submitted,

Dawn N. Ison
United States Attorney

S/Kelly Fasbinder
Kelly Fasbinder (P80109)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9520
Dated: November 1, 2024          Kelly.Fasbinder@usdoj.gov

5

## **VERIFICATION**

I, Ahmad Wahab, state that I am a Special Agent with the U.S. Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

_____
Ahmad Wahab, DEA Special Agent

Dated: October 24, 2024